**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Ave, Ste. D
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ahren A. Tiller [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Phone (619) 894-8831
Fax (866) 444-7026
ahren.tiller@blc-sd.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (SANTA ANA DIVISION)

| | |
|---|---|
| | Case No.: |
| MICHELLE IRWIN and ADRIAN HARRELL on behalf of themselves and all those similarly situated | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *ET. SEQ.*)** |
| Plaintiff, | |
| vs. | |
| REDLINE SOCIETY, LLC | |
| Defendant, | **JURY TRIAL DEMANDED** |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. MICHELLE IRWIN (hereinafter referred to as "Ms. Irwin") and ADRIAN HARRELL (hereinafter referred to as "Mr. Harrell") (hereinafter collectively referred to as "Plaintiffs") bring this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful actions of REDLINE SOCIETY, LLC ("Defendant") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent unsolicited text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

4. Additionally, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1). The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

5. According to findings of the FCC, the agency vested by Congress with authority to

issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

6. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

7. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

8. "…receipt of unsolicited phone calls or text messages in violation of the TCPA is 'a concrete injury in fact sufficient to confer Article III standing.' *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); see also *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117-18 (9th Cir. 2022); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1222 (9th Cir. 2022). That is because '[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients.' *Van Patten*, 847 F.3d at 1043." *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 985-86 (9th Cir. 2023).

9. "…the owner and subscriber of a phone number listed on the Do-Not-Call Registry suffers an injury in fact when their phone receives text messages in alleged violation of the TCPA." *Id.,* at 989.

10. Defendant is vicariously liable for the actions of any third party they may have hired to market their services.    See *In the Matter of Rules & Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

12. Plaintiffs make the allegations contained herein on information and belief, except as to those allegations regarding themselves, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

14. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b), because Plaintiffs reside in this district, and the events giving rise to Plaintiffs' causes of action against Defendant occurred within this district.

## PARTIES

15. Plaintiff IRWIN is, and at all times relevant hereto was, an individual citizen and resident of the County of Orange, State of California.

16. Plaintiff HARRELL is, and at all times relevant hereto was, an individual citizen and resident of the County of Los Angeles, State of California.

17. Defendant is, and all times relevant hereto was, a Florida Limited Liability Corporation whose principal place of business is located in Tampa, FL, and at all times relevant hereto was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

18. Plaintiffs reallege and incorporate by reference all preceding paragraphs, inclusive, as if fully set forth herein.

19. Plaintiff, Ms. Irwin ("IRWIN"), has been on the national Do-Not-Call-Registry since at least August 4, 2008

20. IRWIN never requested the National Do-Not-Call Registry administrator to remove her from the National Do-Not-Call Registry and Plaintiff IRWIN was on the National Do-Not-Call Registry at all times relevant to this Complaint.

21. On August 28, 2024, Defendant sent an unsolicited text message to Plaintiff IRWIN stating that "time is ticking" on her "chance win a Jeep + $50k" and telling her to "Purchase your entries now"

22. After receipt of the August 28, 2024, text message, Plaintiff IRWIN responded with STOP and received a confirmation from Defendant that she had successfully unsubscribed from further marketing messages:

23. Despite the confirmation that she had "unsubscribed," on January 25, 2025, Defendant sent another unsolicited text message to Plaintiff IRWIN stating that this was her "FINAL WARNING!" and her "LAST CHANCE to lock in 20,000,00 ENTRIES to win 1 or BOTH Jeeps!" and offering her the opportunity to purchase entries for Defendant's sweepstakes:



24. Plaintiff IRWIN did not consent to, request, or seek to be contacted by Defendant regarding marketing for Defendant's business.

25. Further, Co-Plaintiff ADRIAN HARRELL ("HARRELL") has been on the on the national Do-Not-Call-Registry since at least April 1, 2023.

26. Plaintiff HARRELL never requested the National Do-Not-Call Registry administrator to remove Plaintiff from the National Do-Not-Call Registry and Plaintiff HARRELL was on the National Do-Not-Call Registry at all times relevant to this Complaint.

27. On August 23, 2025, Defendant sent an unsolicited text message to Plaintiff HARRELL stating that "You made the VIP list! Grab 7,000,000 ENTRIES for BOTH Jeeps + up to $55k Last pack sold out in 10 mins-this one wont last!"

28. On August 27, 2025, Defendant again sent an unsolicited text message to Plaintiff HARRELL stating "VIP! Your 8,500,000 bonus entries into 2 Jeeps + up to $55k are unlocked-exclusive"



29. Through Defendant's aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Defendant's text messages forced Plaintiffs and others similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted text messages, causing a nuisance and lost time.

31. The telephone numbers Defendant sent unsolicited text messages to were assigned to a cellular telephone service for which Plaintiffs incurred charges for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

32. The text messages sent by Defendant to Plaintiffs were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Defendant did not offer Plaintiffs any informative information in the unsolicited text messages, and made each and every text message with the explicit purpose of soliciting Plaintiffs for marketing Defendant's business.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs, inclusive, as if fully set forth herein.

35. Plaintiffs bring this action on behalf of themselves and on behalf of the putative Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

36. Plaintiffs propose to represent the following Class consisting of and defined as follows:

> All persons within the United States who were on the National Do-Not-Call registry who received any unsolicited text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, within the four years prior to the date of the filing of this Complaint.

37. Plaintiff IRWIN proposes to represent the following Sub-Class consisting of and defined as follows:

> All persons within the United States who were on the National Do-Not-Call registry who texted "STOP" after receiving the first unsolicited text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, and received a subsequent text message from Defendant within the four years prior to the date of the filing of this Complaint.

38. Defendant and its employees or agents are excluded from the Class. Plaintiffs do

not know the number of members in the Class but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using unsolicited marketing text messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

42. The Class can be identified through Defendant's records or Defendant's agents' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendant or its agent(s) placed any unsolicited marketing text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to any telephone

number assigned to a cellular telephone service;

    b.  Whether the unsolicited text messages required prior express written consent;

    c.  Whether Defendant sent the unsolicited text messages to the Class despite the Class Members being on the National Do-Not-Call registry;

    d.  Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    e.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

44. As a person that received at least one unsolicited marketing text message to their cell phones without Plaintiffs' prior express written consent, Plaintiffs are asserting claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

45. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against the Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer

difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGIGENT AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

*47 U.S.C. § 227 ET SEQ*

49. Plaintiffs reallege and incorporate by reference all preceding paragraphs, inclusive, as if fully set forth herein.

50. Defendant's repeated text messages to Plaintiffs' cellular phones without any prior express consent, despite being on the nation do-not-call registry, and even after Plaintiffs revoked any consent that may have existed, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's negligent violations of 47 U.S.C. §227, *et. seq*., Plaintiffs and the class members are entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(C)(5)(B).

52. Defendant's conduct described herein is alternatively a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227, *et. seq*., and Plaintiffs and the class members are entitled to an award of $1,500 in statutory damages for every one of Defendant's knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(C).

53. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court to grant Plaintiffs and the Class members the following relief against Defendant:

a. $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227 *et. seq.*; and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et. seq.;*

b. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A);

c. Costs of suit and Attorneys' fees, pursuant to, inter alia, the common fund doctrine.

d. Any other relief the Court may deem just and proper.

Dated: September 11, 2025,                              Respectfully Submitted,

                                        by:   */s/ Ahren A. Tiller*
                                              Ahren A. Tiller, Esq.
                                              BLC Law Center, APC
                                              Attorney(s) for Plaintiff and all
                                              those similarly situated.


<u>Additional Counsel for Plaintiffs:</u>

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Ave, Ste. D
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Dated: September 11, 2025,                    By:    */s/  Ahren A. Tiller*
Ahren A. Tiller, Esq.
BLC Law Center, APC
Attorney(s) for Plaintiff and all
those similarly situated.